UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYDNEY JAE GRAY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-4672 |
| | § | |
| MINNESOTA LIFE INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

On March 22, 2021, defendant Minnesota Life Insurance Company ("Minnesota Life") filed a motion for attorney's fees (Dkt. 43) under 29 U.S.C. § 1132(g)(1), which allows the court to award attorney's fees "in its discretion." 29 U.S.C. § 1132(g)(1). Having considered the motion and the applicable law, the court is of the opinion that Minnesota Life's motion for attorney's fees should be DENIED.

An award of attorney's fees is "purely discretionary," but the court is required to explain its decision to deny attorney's fees. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485 (5th Cir. 2018) (quoting *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995)). A claimant "must show 'some degree of success on the merits' before a court may award attorney's fees." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 130 S. Ct. 2149 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S. Ct. 3274 (1983)). A claimant satisfies that requirement "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* (cleaned up). In deciding

whether to award attorney's fees, the court may, but is not required to, weigh the following five factors in *Bowen*:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Iron Workers Loc. No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980); *see also N. Cypress*, 898 F.3d at 485.  Minnesota Life argues that all five factors weigh in favor of an award of attorney's fees here.[1]  Dkt. 43 at 6–7.  The court disagrees.

First, Gray's arguments were not in bad faith—she "advanced substantive and non-frivolous arguments in support of her claim."  *Chisholm v. Guardian Life Ins. Co. of Am.*, 449 F. Supp. 3d 619, 637 (M.D. La. 2020).  As to the second factor, Minnesota Life submits no evidence suggesting that Gray would be able to pay an award of attorney's fees.[2]  As to the third factor, an award in this case would not deter others acting in similar circumstances because Gray acted in good faith and advanced substantive and non-frivolous arguments—there is no reason for the court

---

[1] Minnesota Life does not definitively state that Gray acted in "bad faith," but it states that the *Bowen* factors "demonstrate the lack of merit in [Gray's] position."  Dkt. 43 at 7.  Minnesota Life contends that Gray's "culpability in this case, whether or not rising to the level of bad faith, warrants a reasonable fee award to Minnesota Life." *Id.*

[2] Minnesota Life "ha[s] the obligation to establish its entitlement to attorney's fees," so the absence of evidence on this issue weighs against an award of attorney's fees. *Hager v. DBG Partners, Inc.*, No. 4:16-CV-142-A, 2019 WL 3503068, at *19 (N.D. Tex. Aug. 1, 2019).

to deter others acting in similar circumstances.  Additionally, the fourth factor weighs against awarding attorney's fees because Minnesota Life did not seek to benefit all participants and beneficiaries in its defense, and the suit did not resolve a significant legal question about ERISA itself.  Lastly, although Minnesota Life ultimately prevailed here, Gray had good faith arguments for her position.  Thus, although the fifth factor weighs slightly in favor of awarding attorney's fees, the others weigh against it.  *See Maley v. Minn. Life Ins. Co.*, No. A-15-CV-394-LY, 2016 WL 6651392, at *2 (W.D. Tex. Nov. 10, 2016).  Accordingly, the court concludes that a discretionary award of attorney's fees is not warranted here.

For the aforementioned reasons, the court DENIES Minnesota Life's motion for attorney's fees (Dkt. 43).

Signed at Houston, Texas on March 25, 2021.

_____
Gray H. Miller
Senior United States District Judge