UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYDNEY JAE GRAY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-19-4672 |
| § | |
| MINNESOTA LIFE INSURANCE COMPANY, § | |
| § | |
| *Defendant*. § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Sydney Jae Gray's ("Gray") motion to amend findings of fact and conclusions of law and for new trial. Dkt. 45. Defendant Minnesota Life Insurance Company ("Minnesota Life") responded. Dkt. 48. Having considered the motion, response, administrative record, and applicable law, Gray's motion to amend findings of fact and conclusions of law and for new trial is **DENIED**.

### I. BACKGROUND

Gray brings this action under 29 U.S.C. § 1132(a)(1)(B) as attorney-in-fact for her husband, Michael Shea Gray (as there are two Grays in this opinion, the court will refer to Michael Shea Gray as "Mr. Gray"). Dkt. 25 at 5. Mr. Gray was formerly employed by ENGIE Holdings, Inc. ("ENGIE"). *Id*. at 6. ENGIE provided Mr. Gray with life insurance, which included accidental death and dismemberment ("AD&D") coverage through Minnesota Life. *Id*. On November 27, 2016, while visiting family in Sanger, Texas, Mr. Gray fell and suffered severe injuries. *Id*. at 7. Mr. Gray filed a claim for benefits sometime in April 2017. Administrative Record ("AR") 98. Minnesota Life denied Mr. Gray's claim for AD&D benefits on December 11, 2017. *Id*. at 493. Mr. Gray appealed, but the appeal was denied on September 13, 2018. Dkt. 25 at 10; Dkt. 26 at

16. Gray filed this action on November 27, 2019. Dkt. 1. On October 1, 2020, Gray filed a motion for judgment on the administrative record pursuant to Federal Rule of Civil Procedure 52. Dkt. 25. On March 8, 2021, the court denied Gray's motion and granted judgment in favor of Minnesota Life. Dkt. 40. Gray filed this motion to amend findings of fact and conclusions of law and for new trial on April 5, 2021. Dkt. 45. Minnesota Life responded. Dkt. 48. The motion is ripe for disposition.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 59(a)(2)

Under Federal Rule of Civil Procedure 59, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of new judgment." Fed. R. Civ. P. 59(a)(2).[1] The motion must be filed "no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(b). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Interstate Fire & Cas. Co. v. Cath. Diocese of El Paso*, No. EP-12-CV-00221-DCG, 2014 WL 12479654, at *1 (W.D. Tex. Sep. 2, 2014) (quoting *Asarco LLC v. Ams. Min. Corp.*, Civ. A. No. 07–CV–10018, 2009 WL 2168778, at *2 (S.D. Tex. July 20, 2009) (Hanen, J.)).

---

[1] Gray filed this motion under Federal Rules of Civil Procedure 52(b) and 59 but does not specify which provision of Rule 59 allegedly entitles her to relief. Dkt. 45. Because Gray explicitly moves to amend findings of fact and conclusions of law, the court applies Rule 59(a)(2).

2

**B. Federal Rule of Civil Procedure 52(b)**

Under Federal Rule of Civil Procedure 52, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "The purpose of motions to amend is to correct manifest errors of law or fact." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). "[A] party may move to amend the findings of fact even if the modified or additional findings in effect reverse the judgment." *Id*. A motion to amend, however, should not be used "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id*. Unless a motion to amend is based on newly discovered evidence, a trial court is "only required to amend its findings of fact based on evidence contained in the record." *Id*. "To do otherwise would defeat the compelling interest in the finality of litigation." *Id*.

### III. ANALYSIS

Gray contends that Minnesota Life failed to provide Mr. Gray with a full and fair review as required by the Employee Retirement Income Security Act of 1974 ("ERISA") and that the court should have found that Mr. Gray was covered under both the AD&D Policy Rider and the Group AD&D Insurance Policy (collectively, "the Group Policies"). Dkt. 45. Gray does not present new evidence to support her motion but points to the existing record to support her argument that the court's determination as to Minnesota Life's substantial compliance with the requirement for a full and fair review is "clearly erroneous." *Id.* at 7. Additionally, Gray contends that the court erred in its application of the law to the facts of Gray's case. *Id.* Minnesota Life

3

contends that the court already considered and rejected Gray's arguments. Dkt. 48. The court will address each of Gray's arguments in turn.

Gray first contends that Minnesota Life's denial letters do not meet the substantial compliance requirement for a full and fair review. Dkt. 45. She argues that (1) Minnesota Life did not provide Mr. Gray with specific reasons for its denial in its initial denial letter; and (2) Mr. Gray was not able to understand the reasons for his denial as required by ERISA. *Id*. But the court already rejected these arguments. *See* Dkt. 40 at 18–19. Specifically, the court found that both Minnesota Life's initial denial letter and its second denial letter provided specific reasons for Minnesota Life's denial of coverage written in a manner calculated to be understood by the participant. *Id.* at 19.

Second, Gray argues that "Minnesota Life ignored and did not consider Mr. Gray's supplemental appeal" because Minnesota Life did not expressly reference Mr. Gray's appeal letter in its denial of his appeal. Dkt. 45 at 5–6. But the court already rejected Gray's contention that Minnesota Life ignored Mr. Gray's appeal letter and exhibits. Dkt. 40 at 20. Specifically, the court reasoned that Minnesota Life explicitly stated in its second denial letter that it considered the entire claim, "including the additional information provided with [the] appeal." *Id*.; AR 689. The court also noted that Minnesota Life received the formal appeal letter and its attachments and forwarded both to the reviewing physician for her to review in providing her own opinion as to the cause of Mr. Gray's fall and injury. Dkt. 40 at 20. Thus, the court found that "Minnesota Life [was] in substantial compliance with ERISA." *Id.*

Next, Gray argues that "[t]he [c]ourt erred in its application of the insuring clauses of the two separate policies to the facts." Dkt. 45 at 7. Gray contends that the court erred in finding that

4

Mr. Gray's automobile accident did not cause his seizures and was only a "cause of a cause of a cause" of Mr. Gray's seizure disorder. *Id.* at 8 (citing *Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 894–95 (5th Cir. 2018)); Dkt. 40 at 12. But the court already addressed *Wells* and found it "inapposite." *See* Dkt. 40 at 13. Additionally, the court rejected Gray's argument that Mr. Gray's injuries were both "unexpected" and "unforeseen" as required by the Group Policies. *Id.* at 14–16.

"For the court to grant [Gray] the relief [she] seeks under Rule 52(b), [or] 59(a), [Gray] must show that the court committed a manifest error of law or fact." *Equistar Chems., L.P. v. Indeck Power Equip. Co.*, 4-19-cv-3757, 2021 WL 2270212 at *1 (S.D. Tex. June 3, 2021) (Rosenthal, C.J.) (cleaned up). "A party may not use a motion under Rule 52(b) [or] 59(a) . . . to repeat previous arguments or raise arguments that could, and should, have been raised at trial." *Id.* Gray's motion only repeats previous arguments. To the extent that she intends to raise new arguments, those arguments could and should have been raised at trial. Gray fails to show that the court committed a manifest error of law or fact or that substantial justice has not been done. *See Equistar*, 2021 WL 2270212 at *1; *Interstate Fire*, 2014 WL 12479654, at *1. Thus, Gray's motion to amend findings of fact and conclusions of law and for new trial is DENIED.

## IV. Conclusion

For these reasons, Gray's motion to amend findings of fact and conclusions of law and for new trial is DENIED.

Signed at Houston, Texas on June 25, 2021.

								_____
									Gray H. Miller
								Senior United States District Judge